IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02990-SKC

LASER CONCRETE CUTTING, LLC,

      Plaintiff,

v.

USA TRUCK BODIES, INC. and
THOMAS CHRISTIAN, INDIVIDUALLY,

      Defendants.

---

## COMPLAINT

      Plaintiff Laser Concrete Cutting, LLC ("Plaintiff" or "Laser Concrete"), by and through their attorneys, Goodspeed Merrill, LLC, for its Complaint against Defendants USA Truck Bodies Inc. ("USA Truck Bodies") and Thomas Christian, an individual ("Christian") (collectively, "Defendants") state and allege as follows:

### <u>PRELIMINARY STATEMENT</u>

      This is a civil theft case where Thomas Christian, while acting as a director of USA Truck Bodies, a company that builds saws for commercial vehicles, misappropriated $146,988.84 from Laser Concrete. Laser Concrete wired $146,988.84 to Defendants to purchase two trucks from a California dealership.  Instead of purchasing the specified trucks and then outfitting those trucks with saws, Defendants stole the money. Laser Concrete is a Colorado corporation while USA Truck Bodies and Thomas Christian are domiciled in California.

## PARTIES

1.    Plaintiff Laser Concrete Cutting, LLC, is a Colorado corporation with a principal place of business at 59 Blue Heron, Thornton, CO 80241.

2.    USA Truck Bodies Inc. ("USA Truck Bodies") is a Texas corporation with a registered address of 9900 Spectrum Drive, Austin, Texas 78717.  Its principal place of business is 2821 Pomona Blvd., Pomona, CA 91768.

3.    Thomas Christian, an individual, is the sole director of USA Truck Bodies.  Upon information and belief, he is a resident of California. Thomas Christian also does business under SoCal Saw Bodies, Inc., is the registered agent for SoCal Saw Bodies, Inc., and lists the address as 2815 Pomona Blvd, Pomona, CA, 91768.

## JURISDICTION AND VENUE

4.    Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendants.

6.    This Court has personal jurisdiction and specific jurisdiction over Defendants Christian and USA Truck Bodies pursuant to C.R.S. § 13-1-124 because the Defendants (1) directly transacted business with a Colorado company; (2) solicited a Colorado company to use Defendants for financing two vehicles; (3) received money from the Plaintiff to purchase vehicles; (4) failed to purchase the vehicles; (5) mailed an unfunded check back to Colorado as a

purported refund and (6) failed to return $146,988.84 to the Colorado company despite representations that Defendants were returning the funds.

7.      Because of Defendants' actions, a Colorado family-owned business was defrauded out of $146,988.84.

8.      Defendants' website (www.usatruckbodies.com) notes "NATION WIDE SERVICES located in Southern California we service the continental US through partnerships with dealers and service centers nationwide."

9.      Defendants negotiated with agents for Plaintiff over the phone to purchase trucks, upfit trucks, and deliver trucks to Plaintiff's location in Henderson, Colorado.

10.     For years, Defendants have availed themselves of contracts with Colorado companies, as well as payments from Colorado checking accounts.  Plaintiff previously purchased four trucks through Defendant Christian and had him do additional work on two others in 2020. Defendant Christian also directed that his nephew deliver a truck to Plaintiff from California in 2022, and that truck was shortly thereafter delivered from California to Colorado by Defendant Christian's nephew.

11.     Additionally, Defendants' website, as of September 13, 2022, identifies DeAndrea Coring and Sawing, Inc., as one of the top brands that trusts Defendants:



TRUSTED BY TOP BRANDS

   

12.     DeAndrea Coring and Sawing, Inc. is a Colorado corporation owned by Paul DeAndrea. Paul DeAndrea also owns Laser Concrete. Laser Concrete was purchasing the trucks underlying this action to lease to DeAndrea Coring and Sawing, Inc. Defendant had previously upfitted trucks for Laser Concrete and painted them with the DeAndrea Coring and Sawing, Inc., logo for use in Colorado.

13.     Defendants also conducted business with A-Core Concrete Specialists.  This company, identified here as a "Top Brand," has operations in Colorado.  Defendant USA Truck Bodies also upfitted at least one truck for A-Core Concrete Specialists for use and operation here in Colorado and Tom Christian, through SoCal Saw Bodies, also upfitted vehicles for A-Core Concrete Specialists for use in Colorado.

14.     Defendants' actions caused significant consequences to Plaintiff in Colorado. The underlying causes of action here are a direct result of the Defendants' theft of $146,988.84. Defendants' activities in soliciting business, sending invoices, advertising, delivering some vehicles from California to Colorado, utilizing DeAndrea's trademark to market itself as a "Top

Brand," and offering financing in Colorado, are all evidence of how Defendants purposefully availed themselves to Colorado.

## FACTUAL ALLEGATIONS

15.     Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

16.     In early 2022, Laser Concrete to sought to obtain two trucks and get them upfit to lease to DeAndrea Coring and Sawing, Inc.  DeAndrea has an exclusive relationship with Plaintiff Laser Concrete as they have the same owner, Paul DeAndrea. Laser Concrete purchases equipment as required by DeAndrea Coring and Sawing, Inc. and leases it to DeAndrea Coring and Sawing, Inc.

17.     On March 11, 2022, Laser Concrete received a quote from USA Truck Bodies through Defendant Christian to assist with purchasing the trucks, install saw bodies into the trucks, and perform upfitting on the trucks.  Defendant Christian served as Laser Concrete's contact for facilitating this work.  Further, Laser Concrete and Christian agreed that after the trucks were purchased, the dealership would transport the vehicles to USA Truck Bodies for saw installation and upfitting (vehicle accessories or augmentations customized to the needs of a concrete sawing company).

18.     On March 22, 2022, Christian placed an order on behalf of Laser Concrete to purchase the two trucks from Anderson Chevrolet's Fleet and Commercial Division.

19.     On March 23, 2022, the dealership informed Laser Concrete that it needed payment for the trucks within 10 days from the purchase order date.

20.     Laser Concrete needed financing in order to pay for the two trucks.  Christian knew that Laser Concrete needed financing.

21.     In a series of e-mails, Christian persuaded Laser Concrete to use his company to finance the two trucks.  In a March 23, 2022, e-mail from Christian to Paul DeAndrea, owner of Laser Concrete, Christian wrote "There are a lot better rates out there than what GM has."

22.     According to a March 23, 2022, e-mail from Christian to Paul DeAndrea, "you can have financing with me and I can take care of all the dealerships."

23.     At the direction of Christian, a USA Truck employee named Clorinda Placecia set up a wire transfer.

24.     On March 31, 2022, Paul DeAndrea received the final invoices for the two Chevy 5500 trucks.  The invoices specified that 50 percent of the total payment was due in advance, with the remaining balance due prior to delivery of the trucks.  The 50 percent due in advance was $146,988.84.

25.     Between March 31, 2022, and April 4, 2022, Paul DeAndrea and Christian engaged in conversation about the possibility of Christian purchasing the trucks for Laser Concrete at a lower price.

26.     On April 4, 2022, USA Truck Bodies e-mailed Paul DeAndrea asking when to expect the wire transfer of the $146,988.84 deposit. The e-mail stated "[w]e have [the trucks] on hold for you guys *(sic)* will not be on hold much longer so we want to get things moving as fast as possible."

27.      On April 4, 2022, in an e-mail sent from USA Truck Bodies to Paul DeAndrea, USA Truck Bodies requested an update as to when Laser Concrete would make the payment of $146,988.84.

28.      On April 5, 2022, USA Truck Bodies requested another update as to when Laser Concrete would wire the $146,988.84.

29.      On April 6, 2022, Laser Concrete wired $146,988.84 from an account at First Bank to USA Truck Bodies account at JPMorgan Chase.

30.      In June 2022, Paul DeAndrea asked Christian for pictures of the two trucks.

31.      On June 16, 2022, Paul DeAndrea received pictures of the trucks from Christian. The pictures sent by Christian were pictures of 6500 Chevrolet trucks, not pictures of the two 5500 Chevrolet trucks that Paul DeAndrea had ordered.

32.      In a text message sent on June 16, 2022, Paul DeAndrea informed Christian that the title for the two trucks had not come through.

33.      On June 16, 2022, Christian responded, implying that he used the $146,988.84 wired from Laser Concrete for other expenditures.

34.      Paul DeAndrea told Christian that it knew the trucks were never purchased, but that as long as Christian returned the down payment, Paul DeAndrea would purchase the trucks himself.  Christian did not respond directly.  Instead, he changed the subject.

35.      On June 21, 2022, USA Truck Bodies sent an e-mail to Magellan Lending (a long-time lender for Paul DeAndrea) seeking payment from Laser Concrete for installation of 17-foot saw bodies on the trucks at issue.

36.     On June 29, 2022, Paul DeAndrea called Christian at 11:30 a.m.  Christian stopped responding to Paul DeAndrea's calls.

37.     On June 29, 2022, Paul DeAndrea informed Christian that he was contacting the FBI.

38.     On June 29, 2022, Christian responded that he did not have wire information for Laser Concrete to wire back the misappropriated money.  He then stated that he was about to fly to Mexico to visit a manufacturer.

39.     On June 30, 2022, Christian sent Paul DeAndrea a text message stating that he was mailing a check to Paul DeAndrea.

40.     On June 30, 2022, Paul DeAndrea responded, and asked Christian to overnight the check to Laser Concrete's Colorado address.

41.     On July 1, 2022, Paul DeAndrea notified Christian via text message that Laser Concrete had not received Christian's check. Paul DeAndrea requested the FedEx tracking number.

42.     On July 1, 2022, Christian informed Paul DeAndrea that he had not yet received a check from his bank for signature but would send the check to Paul DeAndrea after it had been received and signed by Christian.

43.     On July 5, 2022, Paul DeAndrea informed Christian via text message that he had not received the promised check.

44.     On July 11, 2022, Paul DeAndrea received the check and deposited the check. The check was unfunded.

45.     On July 11, 2022, Paul DeAndrea informed Christian via text message that the check had bounced.

46.     On July 11, 2022, in response to Paul DeAndrea's earlier text message, Christian informed him that he was transferring money into that checking account from savings.  Christian also offered to mail Paul DeAndrea a cashier's check.

47.     Later in the day on July 11, 2022, Christian told Paul DeAndrea that the funds would be in the checking account the next day, and that Christian would contact Paul DeAndrea when the funds were deposited.

48.     Christian's checking account remained unfunded.  On July 15, 2022, Christian informed Paul DeAndrea by text message that Christian would be sending Paul DeAndrea a cashier's check.

49.     In a responsive text on July 15, 2022, Paul DeAndrea requested a picture of the cashier's check, a picture of the receipt for the cashier's check, as well as the tracking number.

50.      Christian failed to provide any of this information.

51.     As of the filing date of this Complaint, neither Christian nor USA Truck Bodies has returned the $146,988.84.

## FIRST CLAIM FOR RELIEF
### (Civil Theft Pursuant to C.R.S. § 18-4-405)

52.     Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

53.     Defendants knowingly took and retained property that rightfully belonged to Laser Concrete, namely the $146,988.84, and this money was not returned despite multiple requests.

54.     Defendants took this $146,988.84 through deceit.

55.     Defendants took this money with the intent to permanently deprive Plaintiff of its property.

56.     Defendants retained this money beyond the scope of its authorization to do so.

57.     Plaintiff lost the value of this aforementioned property as a result of Defendants' theft.

58.     Under C.R.S. § 18-4-405, Plaintiff is entitled to receive three times the amount of its actual damages, $440,966.52 plus costs and reasonable attorney fees.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

59.     Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

60.     Plaintiff entered into a valid contract with Defendants when it paid a $146,988.84 deposit to Defendants in exchange for purchasing two vehicles on Plaintiff's behalf.

61.     Defendants accepted this money and failed to purchase the vehicles.

62.     Defendants have not returned any portion of the $146,988.84 paid to them by Plaintiff.

63.     As a result of Defendants' breach, Plaintiff suffered damages in an amount to be proven at trial, including the $146,988.84 paid as a deposit, as well as collateral costs for Defendants' failure to perform.

64.     Plaintiff are entitled to pre-judgment and post-judgment interest at the statutory rate.

## THIRD CLAIM FOR RELIEF
### (Fraud)

65.    Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

66.    Defendants made a false representation of a present fact when they told Plaintiff that Defendant would take Plaintiff's down payment and use that money to purchase two vehicles on Plaintiff's behalf.  Defendants had no intention of purchasing these vehicles.

67.    The fact that was represented by Defendants is a material fact.

68.    At the time Defendants made this representation, they knew that they would make no attempt to deliver on their promise.

69.    Defendants made this representation with the intent to have Plaintiff rely on Defendants' promise.

70.    Plaintiff reliance on Defendants' false representation was justified.

71.    Plaintiff's reliance on Defendant's false representation caused Plaintiff to suffer damages, as described above, in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)

72.    Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

73.    Plaintiff conferred benefits upon the Defendants by wiring the Defendants $146,988.84 as a deposit for the purchase of two vehicles.

74.    Defendants received $146,988.84 at the Plaintiff's expense and to the Plaintiff's detriment.

75.     Defendants received the benefit of this money but failed to make a down payment on the vehicles for which the deposit was intended.

76.     Under the circumstances, it would be unjust for the Defendants to retain the benefit of the $146,988.84 deposit.

## FIFTH CLAIM FOR RELIEF
### (Promissory Estoppel)

77.     Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

78.     Defendants made a promise to Plaintiff.

79.     Defendants should reasonably have expected that this promise would induce action or forbearance by Plaintiff.

80.     Plaintiff in fact reasonably relied on the promise, to Plaintiff's detriment.

81.     The promise must be enforced to prevent injustice.

WHEREFORE Plaintiff Laser Concrete Cutting, LLC requests that this Court enter judgment in its favor and award direct, compensatory, consequential, special and incidental economic and non-economic damages in an amount to be proven at trial for breach of contract, and fraud and treble damages for civil theft, attorneys' fees and costs, pre- and post- judgment interest, and such other relief that this Court deems just and proper.

Respectfully submitted this 14th day of September, 2022.

GOODSPEED MERRILL

s/ John-Paul C. Sauer
John Paul Sauer, Esq.
Kathleen B. Noone, Esq.
Goodspeed Merrill, LLC
9605 South Kingston Ct., Suite 200

Englewood, CO 80112
Telephone: (720) 473-7644
Email:  jsauer@goodspeedmerrill.com
           knoone@goodspeedmerrill.com

*Attorneys for Plaintiff*